**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**

UNITED STATES OF AMERICA

v.                              No. 4:13CR00259 JLH

GLENN CLINTON JOHNSON

## PRELIMINARY ORDER OF FORFEITURE

IT IS HEREBY ORDERED THAT:

1. As the result of the September 5, 2014, guilty plea of Glenn Clinton Johnson ("Defendant"), Defendant shall forfeit to the United States, under 18 U.S.C. § 2253:

   A. One Dell Inspiron 1464 Laptop;

   B. One Compaq Laptop Presario CQ57, serial number 5CB15037GS;

   C. Five Micro SD Cards;

   D. Four USB thumb drives;

   E. One Samsung Model SCH-M828CGP Cell Phone, serial number 268435460710782915;

   F. One Micro SD card (Sentry):

   G. One Dell Desktop Computer, serial number F2VP881;

   H. One PNY thumb drive;

   I. One Pink Samsung Cell Phone, Model SCH-M828C(GP), serial number DEC268435458004534692;

   J. One Samsung Cell Phone, Model SCH-M828C(GP), serial number 268435460791761359; and

   K. One ZTE Cell Phone, serial number 325823214988.

("property subject to forfeiture").

2. Upon the entry of this Order, the United States Attorney General or a designee (collectively "Attorney General") is authorized to seize the above-listed property and to conduct any discovery proper in identifying, locating, or disposing of the property subject to forfeiture. Fed. R. Crim. P. 32.2(b)(3). Further, the Attorney General is authorized to commence any applicable proceeding to comply with statutes governing third party rights.

3. The United States shall publish, in such a manner as the Attorney General may direct, notice of this Order and the United States' intent to dispose of the property subject to forfeiture. The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the property subject to forfeiture.

4. Any person, other than Defendant, asserting a legal interest in the property subject to forfeiture may petition the Court for a hearing without a jury to adjudicate the validity of his or her alleged interest in the property and for an amendment of this Order. *See* 21 U.S.C. § 853(n)(2); 28 U.S.C. § 2461(c). This petition must be filed within 30 days of the final publication of notice or receipt of notice, whichever is earlier. 21 U.S.C. § 853(n)(2).

5. This Preliminary Order of Forfeiture shall become final as to Defendant at the time of sentencing and shall be made part of the sentence and included in the judgment. Fed. R. Crim P. 32.2(b)(4)(A). If no third party files a timely claim, this Order shall become the Final Order of Forfeiture. Fed. R. Crim. P. 32.2(c)(2).

6. Any petition filed by a third party asserting an interest in the property subject to forfeiture shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the property subject to forfeiture, the time and circumstances of the petitioner's acquisition of the right, title or interest in the property subject to forfeiture, any additional facts supporting the petitioner's claim and the relief sought.

7. After the disposition of any motion filed under Federal Rule of Criminal Procedure 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

8. The United States shall have clear title to the property subject to forfeiture following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided for the filing of third party petitions.

9. The Court shall retain jurisdiction to enforce this Order and to amend it as necessary. *See* Fed. R. Crim. P. 32.2(e).

SO ORDERED this 11th day of September, 2014.

_____
HONORABLE J. LEON HOLMES
UNITED STATES DISTRICT JUDGE